IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON ROBERTS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-2791 |
| THOMAS SIRES, *Captain*, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## **MEMORANDUM**

Plaintiff Brandon Roberts filed a civil rights Complaint. ECF 1. He claims that his constitutional rights were violated in April and May of 2017, when his personal property was confiscated by a corrections officer, and that he was subsequently retaliated against, and subject to a disciplinary proceeding. *Id.* Roberts filed a supplement to the Complaint, as directed. ECF 4. He also filed motions for leave to proceed in forma pauperis. ECF 2, ECF 5.

The court takes notice of the verified inmate account statement filed by plaintiff in *Roberts v. Yaider*, Civil Action No. ELH-20-1843 (D.Md.), ECF 3, which reflects a six-month average account balance of $0.53 and average monthly deposits of $3.67. Therefore, I will grant the motions to proceed in forma pauperis and waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1).

Roberts's Complaint, filed pursuant to 42 U.S.C. § 1983, and supplement to the Complaint, have been reviewed by the court with respect to the criteria under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Roberts alleges that defendant Sires, who was then a Lieutenant at North Branch Correctional Institution ("NBCI"), "initiated confiscating watches" from inmates without proper authority to issue a ban on watches. ECF 4 at 1-3. Sires attempted to take plaintiff's watch on April 11, 2017. But, Roberts refused, and eventually an agreement was reached between Roberts

and another officer to preserve the watch "pending the outcome of any court proceedings the plaintiff may file regarding the matter." *Id.* at 3. Roberts states that Sires then retaliated by filing a false misbehavior report against him. *Id.* He also alleges various irregularities in the context of the disciplinary proceedings. *Id.* at 3-5. Roberts was found guilty and received a disposition of 120 days of segregation and 90 days loss of good time credit. *Id.* at 4. Roberts states that defendant, Warden Bishop, unlawfully modified the sanctions and imposed an additional 30 days of cell restriction "to run concurrent." *Id.*

Roberts claims that his Fifth and Fourteenth Amendment rights were violated when officers confiscated his watch. This claim may not proceed in this court. The United States Supreme Court has held that claims of negligent deprivation of property by a prison official do not implicate the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). In addition, a claim of intentional deprivation of property by a prison official, which is essentially what Roberts is claiming, also does not state a constitutional due process claim, provided that the prisoner has access to an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate.") *See Hawes*, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (dismissing an inmate's property loss claim for failure to state a cognizable constitutional claim); *Fuller v. Horning*, No. WMN-11-1917, 2012 WL 2342947, at *7 (D. Md. June 19, 2012), *aff'd,* 504 F. App'x 218 (4th Cir. 2013) (stating that "removal of property from a prisoner simply does not state a constitutional claim"); *Young-Bey v.*

*Miller*, No. JKB-16-3435, 2018 WL 4108076 at *4 (D. Md. Aug 29, 2018) (holding that a claim that personal property was destroyed did not assert a constitutional violation).

Roberts may not proceed on his federal constitutional claim pertaining to loss of property. To the extent that he also raises a claim under State law related to a loss of property, this court declines to exercise jurisdiction. *See* 28 U.S.C. § 1367(c).

This case is in the early stages of pleading and defendants have not yet been served or appeared in this action. Roberts's claim for property loss is more appropriately heard in state court and furthers judicial economies in this court. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal citations omitted) ("district courts may decline to exercise jurisdiction over supplemental state law claims . . . a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.").

The State law claim for property loss will be dismissed, without prejudice, so that Roberts may pursue any available remedies in a Maryland State court. Therefore, his claims against Sires, Bishop, Nines, and Boher, related to his confiscated watch, will be dismissed.

Roberts also alleges that after the incident with the watch, he was subjected to retaliation by Sires, who wrote a false misbehavior report against him. Further, he complains of irregularities in the disciplinary process by Officer Brent, Warden Bishop, and Shift Commander Johns. These claims may go forward against these defendants in this court.

A separate Order follows.

<u>May 31, 2022</u>                              <u>        /s/                    </u>
Date                                             Ellen L. Hollander
                                                 United States District Judge