IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON ROBERTS,  \*

Plaintiff,  \*

v.  \*  Civil Action No. ELH-20-2791

THOMAS SIRES, *Captain*, *et al.*,  \*

Defendants.  \*
\*\*\*

# MEMORANDUM

Plaintiff Brandon Roberts, a self represented Maryland prisoner, filed a civil rights suit against multiple defendants, for various claims. By Memorandum (ECF 8) and Order (ECF 9) of May 31, 2022, the court directed that claims may proceed against defendant Captain Thomas Sires, for retaliation, and as to the following defendants for claims of irregularities in the disciplinary process: Hearing Officer Anthony Brent, Warden Frank Bishop, and Shift Commander Jack Johns.[1]

On December 30, 2022, defendants Sires, Bishop, Nines, Boher, Johns, and Brent moved to dismiss or, in the alternative, for summary judgment as to Roberts's remaining claims. ECF 22.[2] Thereafter, on January 27, 2023, Roberts moved for discovery (ECF 26), supported by an affidavit. ECF 25-1. Plaintiff has also moved for an extension of time to respond to defendants' motion. ECF 25.

This Memorandum only addresses plaintiff's discovery motion and his motion for an

---

[1] The Court dismissed claims against defendants Jeffrey Nines and William Boher, along with the claim concerning confiscation of personal property. ECF 9.

[2] It is unclear why defendants Nines and Boher joined the motion, given that the Court dismissed them from the case.

extension of time to respond. No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny plaintiff's discovery request, without prejudice, but I shall grant his request for an extension of time.

## I. Factual Background

Plaintiff contends that Sires, who was, at the relevant time, a Lieutenant at North Branch Correctional Institution ("NBCI"), "initiated confiscating watches" from inmates and did not have proper authority to issue a ban on watches. ECF 4 at 1-3. Sires attempted to take plaintiff's watch on April 11, 2017, plaintiff refused, and eventually an agreement was reached between plaintiff and another officer to preserve the watch "pending the outcome of any court proceedings the plaintiff may file regarding the matter." *Id.* at 3. Plaintiff states that Sires then retaliated by filing a false misbehavior report against him. *Id.*

In addition, Roberts complains about various irregularities in the context of the disciplinary proceedings. *Id.* at 3-5. Plaintiff was found guilty and received a disposition of 120 days of segregation and 90 days loss of good time credit. *Id.* at 4. He alleges that defendant Bishop unlawfully modified the sanctions and imposed an additional 30 days of cell restriction "to run concurrent." *Id.*

Defendants assert in their motion that plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e); his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); he fails to state claims for relief against defendants for denial of due process under the Fifth and Fourteenth Amendments, and retaliation under the First Amendment; and that defendants are entitled to qualified immunity. ECF 22-1. Defendants include with their motion the affidavit of John White, the Correctional Case Management Specialist II at NBCI (ECF 22-4), attesting to the accuracy of two exhibits: the Notice of Inmate

Rule Violation that was given to plaintiff, dated April 11, 2017 (ECF 22-5), and the Inmate Hearing Record from plaintiff's disciplinary hearing, dated May 2, 2017 (ECF 22-6).

## II.     Discussion

In plaintiff's discovery motion, which is accompanied by an affidavit, he seeks: (1) a copy of the "teleconference/audio recording disc of the disciplinary hearing for (May 5, 2017); related to the incident in question." (ECF 25-1 at 1); (2) that the court review the April 11, 2017 video surveillance footage for the 3-B housing unit for the hours of 12:00 p.m. through 2:00 p.m. (*id.*); and (3) a copy of "the regulations pertaining to the duties of the shift commander as it relates to investigations during the processing of disciplinary tickets." *Id.* at 2.

Fed. R. Civ. P. 56 concerns summary judgment. Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc*., 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:

    (1) Defer considering the motion or deny it;
    (2) Allow time to obtain affidavits or declarations or to take discovery; or
    (3) Issue any other appropriate order.

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted), *rev'd on other grounds sub nom. Gardner v. Ally Fin., Inc.*, 514 F. App'x 378 (4th Cir. 2013). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

Plaintiff states that he needs the discovery related to his first request (teleconference/audio recording disc of the disciplinary hearing) because this will "prove that the guilty finding[s] was not based on any evidence, but solely on an inappropriate manipulation of [his] defenses at the disciplinary hearing" ECF 25-1 at 1. This request appears to pertain to defendants' assertion that plaintiff failed to state a due process claim regarding the disciplinary hearing.

As noted, defendants provided both the written notice of the rule violation and the hearing record with their motion. Plaintiff fails to state what took place at the hearing that would be heard on an audio tape yet not documented in the written record. And, Roberts offers only a conclusory statement that his defenses were manipulated. *Id.* This is insufficient to support his request for a

4

copy of the audio for the hearing.

Next, Roberts states that he needs discovery related to his second request (that the court review the April 11, 2017 video surveillance footage for the 3-B housing unit for the hours of 12:00 p.m. through 2:00 p.m.) because this will prove that the defendants came straight to cell 28, where he was housed, and when he was told to step out of the cell he was "arbitrarily cuffed up" and escorted to segregation and "no words were exchanged between" him and the defendants. *Id.* In his Complaint, Roberts states that at the hearing a witness he requested was present and testified, and also that the video surveillance footage that he requested was provided and reviewed. ECF 4 at 4.

Plaintiff was present during the incident with the watch, and also at his hearing. What took place is within his personal knowledge. He may provide that information to the court by way of an affidavit in opposition to defendants' motion. It is not necessary for the court to review the video footage in order for Roberts to oppose defendants' motion. The court will be able to determine if there is a genuine dispute of material fact based on such information.

Further, plaintiff states that he needs discovery related to his third request (the regulations pertaining to the duties of the shift commander as it relates to investigations during the processing of disciplinary tickets) because this will "determine how and why [he] was recommended to be placed in segregation." *Id.* at 2. Presumably, plaintiff is attempting to discover facts indicating that he was placed in segregation for retaliatory purposes.

As to the retaliation claim, defendants assert that Roberts was not engaging in protected First Amendment activity when he was placed in segregation and also that there was no causal relationship with any adverse effects. ECF 22-1 at 13-14. The information plaintiff requests is not necessary to respond to defendants' argument on protected activity or causal relationship.

In sum, plaintiff has not provided a sufficient reason why the requested discovery is needed to respond to the defendants' motion. Therefore, I shall deny his discovery motion.

Plaintiff filed a separate motion for extension of time in which to respond to defendants' motion, pending a decision on his motion for discovery. ECF 25. Plaintiff shall be granted an extension to respond to defendants' motion. His response is due on or before May 1, 2023.

A separate Order follows.

March 24, 2023                      /s/
Date                                      Ellen L. Hollander
                                              United States District Judge