## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON ROBERTS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-2791 |
| THOMAS SIRES, *Captain*, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

### MEMORANDUM

Plaintiff Brandon Roberts, a self-represented Maryland prisoner, filed a civil rights suit under 42 U.S.C. § 1983 against multiple defendants, asserting various constitutional claims. ECF 1, ECF 4. By Memorandum (ECF 8) and Order (ECF 9) of May 31, 2022, the Court permitted plaintiff to proceed with his claim of retaliation as against Captain Thomas Sires and his claims of irregularities in the disciplinary process, as against Hearing Officer Anthony Brent, Warden Frank Bishop, and Shift Commander Jack Johns. Thereafter, by Memorandum Opinion (ECF 34) and Order (ECF 35) of June 21, 2023, I granted defendants' motion for summary judgment ("SJ Motion"). As discussed, *infra*, at the time I considered the SJ Motion, plaintiff had not filed an opposition.

On November 9, 2023, the Court received from plaintiff a "Motion For Relief From Judgment Or Order Pursuant To Fed. R. 60(b)." ECF 44. It is supported by a memorandum of law. ECF 44-2 (collectively, the "Motion"). Roberts states that he is requesting relief under Rules 60(b)(1) and 60(b)(6). ECF 44 at 1.

In the Motion, plaintiff asks the Court to reopen his case, claiming that before the Court granted defendants' SJ Motion, he had mailed an opposition to that motion, but it was not received

by the Court. ECF 44 at 1. He also claims that he subsequently filed a motion to alter or amend, which also was not received by the Court. *Id.* Therefore, he claims that he did not receive due process. *Id.*

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I.**

To address plaintiff's Motion, it is necessary to review some of the procedural background.

Defendants' SJ Motion was filed on December 30, 2022. ECF 22. On January 3, 2023, the Court informed Roberts of his right to respond to the SJ Motion within 28 days, and that the failure to file a response in opposition to the SJ Motion could result in dismissal of his Complaint. ECF 23, ECF 24. On January 27, 2023, the Court received Roberts's request for an extension of time to respond to the motion. ECF 25. The Court granted Roberts's extension motion on March 24, 2023, and set a response date of May 1, 2023. ECF 28.

In a letter received May 2, 2023, Roberts advised the Court that he would be filing his opposition to the SJ Motion "5-7 days" late, and was awaiting certain documents as to the matter of exhaustion. ECF 30 at 1. Then, on May 12, 2023, the Court received a letter from Roberts, advising the Court that he had been relocated to a new building, had some medical issues, and was still waiting for certain documents. ECF 31. And, on May 24, 2023, after the deadline of May 1, 2023, had already expired, the Court received a letter from Roberts dated May 16, 2023, stamped as outgoing mail from the prison dated May 23, 2023. He stated that his memorandum in opposition "is being forwarded under separate cover . . .." ECF 33, ECF 33-1. The opposition was never received.

Approximately one month later, by Memorandum Opinion and Order entered on June 21,

2023, the Court granted defendants' SJ Motion. ECF 34, ECF 35. Notations on the docket reflect that the Court's rulings were mailed to plaintiff. ECF 34, ECF 35.

Over two months later, on September 1, 2023, the Court received from plaintiff a "Motion For Stay Of Appeal And Status Report." ECF 36. It was docketed as a motion for extension of time to appeal. Also on September 1, 2023, the Court received plaintiff's notice of appeal as to the Order of June 21, 2023. ECF 37. Both documents are dated August 29, 2023. *See* ECF 36, ECF 37.

In the motion of September 1, 2023 (ECF 36), plaintiff suggested that, prior to the entry of judgment, he had sent the Court a memorandum in opposition to defendants' SJ Motion. *Id.* at 1. Plaintiff also claimed that he had filed a motion to alter or amend the Court's Order, which he filed "shortly" after June 21, 2023. *Id.* And, on July 18, 2023, he filed a request for a copy of his docket sheet. *Id.* The Court never received these filings.

Plaintiff requested that if the motion to alter or amend was not received by the Court, then the Court should accept his notice of appeal as timely filed. *Id.* at 2. By Order of September 27, 2023 (ECF 40), the Court denied ECF 36, ruling that plaintiff's request for an extension to file his appeal was not timely filed, citing Federal Rules of Appellate Procedure 4(a)(1)(A) and 4(a)(5)(A).

In the Motion (ECF 44), plaintiff renews these contentions. He asserts that he "posted" his opposition to the SJ Motion around May 23, 2023. *Id.* at 1. And, he claims to have learned in the Order of June 21, 2023, that it was not received. *Id.* Moreover, he reiterates that he filed his motion to alter or amend on July 3, 2023. *Id.*

## II.

Fed. R. Civ. P. 60(a) permits relief from a judgment or order of court to correct clerical mistakes, oversights, and omissions. Under Rule 60(b), a party may be granted relief from

judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.  It is within the court's discretion to grant or deny a motion filed pursuant to Rule 60(b).  *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993).

As indicated, plaintiff states that he did not learn that his memorandum in opposition to the defendants' SJ Motion was not received by the Court until he received the Order of June 21, 2023, granting defendants' SJ Motion and dismissing the case. ECF 44 at 1.  Plaintiff also states that he did not learn that his motion to alter or amend, which was sent on July 3, 2023, was not received by the Court until he received the Order of September 27, 2023, denying his motion to extend the time to notice an appeal. *Id.*

Along with the Motion (ECF 44), plaintiff submitted a memorandum of law. ECF 44-2.  The memorandum is dated October 12, 2023, and was received by the Court on November 9, 2023.  *Id.* at 15; ECF 44-3 at 1.  In substance, the memorandum contains plaintiff's arguments in opposition to defendants' SJ Motion. The memorandum does not address why plaintiff believes he is entitled to relief from judgment under Rule 60(b).  ECF 44-2.

 Plaintiff's sole argument for relief from judgment is that the Court ruled on defendants' SJ Motion without the benefit of his opposition.  ECF 44.  The bottom line is that, based on Roberts's statement that he mailed the memorandum in opposition to the SJ Motion on or after May 16, 2023, Roberts had already missed the extended deadline of May 1, 2023.

Roberts has not provided any reason that justifies relief under Fed. R. Civ. Proc. 60(b)(1)

based on grounds of mistake, inadvertence, surprise, or excusable neglect. Roberts concedes that he mailed his opposition after the date to respond had already expired, and it was not received by the Court prior to the Court's ruling. This information is not sufficient to trigger relief under any provision of Rule 60(b)(1).

Roberts failed to file a timely response. The facts do not support a finding of excusable neglect. *See Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (the most important factor in determining that neglect is reasonable is "the reason for the delay") (citation omitted).

In addition, Roberts's failure to meet the extended deadline does not meet the circumstances necessary to justify relief under Rule 60(b)(6). *See Justus v. Clarke*, 78 F.4th 97, 110 (4th Cir. 2023) ("to justify relief under Rule 60(b)(6), 'a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay'") (citations omitted). The Court was not required to wait indefinitely for Roberts to respond, given that several extensions had already been granted.

### III.

In sum, there are no grounds to grant Roberts the relief he seeks under Rule 60(b). The Motion will be denied.

An Order follows.

Date: April 5, 2024                                /s/
                                                   Ellen L. Hollander
                                                   United States District Judge